UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| BACKPAGE.COM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA D. HAWLEY, in his official capacity as Attorney General of the State of Missouri, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 4:17 CV 1951 |

**BACKPAGE.COM'S MOTION FOR SECOND PRELIMINARY INJUNCTION TO PREVENT ENFORCEMENT OF 15 CSR 60-16.040**

Plaintiff Backpage.com, LLC "(Backpage") moves pursuant to Federal Rule of Civil Procedure 65 for a preliminary injunction, enjoining Missouri Attorney General Joshua D. Hawley from enforcing 15 CSR 60-16.040 ("the Regulation"). As further explained in the accompanying Memorandum, the Regulation: (1) contradicts and is preempted by Section 230 of the Communications Decency Act of 1996, 47 U.S.C. § 230, because it seeks to impose liability on Internet service providers for hosting or publishing content created by third parties; and (2) violates the protections of the First Amendment by broadly restricting protected speech.

The Regulation is part of the Attorney General's highly-publicized campaign to "shut down" Backpage and "stop the company" from publishing user-created classified ads containing adult-oriented content. The Regulation targets Backpage despite that the Attorney General knows that adult-oriented ads on Backpage are protected speech under the First Amendment and that he lacks authority to regulate third-party content on websites such as Backpage.com.

The Regulation purports to impose liability on:

1

- Any person who "directly or indirectly … advertise[s], sell[s], offer[s], or provide[s] any merchandise," which includes any services,

- If the merchandise "involves" any sexual conduct" for which "anything of value is given … or received"

- Unless the person "expressly disclose[s]" to effectively everyone that the merchandise, advertisements or offers are for "commercial sexual conduct."

The Attorney General's overbroad attack on Backpage mirrors similar unconstitutional efforts of other states.  Five years ago, Washington, Tennessee, and New Jersey each enacted similar laws that sought to prohibit the publication of ads depicting minors and any offer of sex for "something of value."  Federal courts promptly enjoined each law under Section 230 and the First Amendment.  *See Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262 (W.D. Wash. 2012); *Backpage.com, LLC v. Cooper*, 939 F. Supp. 2d 805 (M.D. Tenn. 2013); *Backpage.com, LLC v. Hoffman*, 2013 WL 4502097 (D.N.J. Aug. 20, 2013).

The Regulation likewise fails, and in fact is more constitutionally flawed than the state laws those courts enjoined.  The Regulation directly conflicts with Section 230 because it imposes requirements and potential liability on parties that "directly or indirectly" "advertise[]" or provide "merchandise" (which includes any "services," RSMo. § 407.010(4)), rather obviously encompassing online service providers such as Backpage (not to mention thousands of others) who publish speech the Attorney General disfavors.  The Regulation conflicts with Congress's purpose in enacting Section 230 by forcing online service providers to choose between censoring content (and therefore stifling protected speech) and forgoing content monitoring altogether (which Congress sought to encourage).

The Regulation also violates the First Amendment because it is not narrowly tailored nor the least intrusive means to serve the State's interest.  The Regulation would restrict vast amounts of lawful speech, in addition to threatening liability against any conduct that could be

2

construed as "involving" sex for "something of value."  The Regulation is also hopelessly vague, threatens liability without constitutionally-required scienter, and unlawfully compels speech.

For the reasons more fully stated in the Amended Complaint and accompanying Memorandum, Backpage requests that the Court issue a preliminary injunction and provide such other and further relief as are just and proper in the circumstances.

DATED:  October 30, 2017.

    Respectfully submitted,

    *s/ James C. Grant*
James C. Grant (admitted *pro hac vice*)
Robert E. Miller (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
(206) 622-3150 (tel.); (206) 757-7700 (fax)
jimgrant@dwt.com
robertmiller@dwt.com

Robert L. Corn-Revere (admitted *pro hac vice*)
Ronald London (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
Suite 800, 1919 Pennsylvania Avenue NW
Washington, DC 20006-3401
(202) 973-4225 (tel.); (202) 973-4499 (fax)
bobcornrevere@dwt.com
ronnielondon@dwt.com

Mark Sableman, MO - 36276
Jan Paul Miller, MO – 58112
Michael L. Nepple, MO – 42082
THOMPSON COBURN LLP
One US Bank Plaza
St. Louis, Missouri  63101
(314) 552-6000 (tel.); (314) 552-7000 (fax)
msableman@thompsoncoburn.com
jmiller@thompsoncoburn.com
mnepple@thompsoncoburn.com

Attorneys for Plaintiff Backpage.com, LLC

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically with the Clerk of the Court to be served via operation of the Court's electronic filing system this 30th day of October, 2017, upon all counsel of record.

_s/ James C. Grant_